(42 Misc. Rep. 95.)

BAKER v. CONSOLIDATED GAS & ELECTRIC CO. et al.

(Supreme Court, Special Term, Erie County. December, 1903.)

1 CORPORATIONS—MORTGAGES—RIGHT TO FORECLOSE.

A manufacturing corporation gave a mortgage to secure its bonds to a trustee with a right of foreclosure on default, and thereafter gave a second mortgage to the same trustee to secure further bonds, providing that it should become instantly payable on default in the interest of the first mortgage bonds for 60 days. *Held,* that the holder of a part of the

second issue could, all the bonds being unpaid after default of 60 days and refusal of substituted trustee to act, foreclose the second mortgage for her benefit and that of the other holders of the bonds.

Action by Francis A. Baker against the Consolidated Gas & Electric Company and others to foreclose a second mortgage. Judgment for plaintiff.

McGuire & Wood, for plaintiff.

Henry B. Gayley, for defendant Consolidated Gas & Electric Co.

William N. Cogswell, for defendant Rochester Trust & Safe Deposit Co.

WHITE, J.   The defendant the Consolidated Gas & Electric Company is a domestic corporation engaged in the business of manufacturing and distributing gas and electricity at Batavia, in Genesee county, in this state.   The Rochester Trust & Safe Deposit Company is also a domestic corporation authorized by law to hold and execute the trusts hereinafter mentioned.   The defendant the New York Security & Trust Company is a domestic corporation, its principal office and place of business being in the city of New York, where it is engaged in doing a general trust and banking business.   On November 1, 1890, the defendant the Consolidated Gas & Electric Company executed and delivered to the Holland Trust Company a first mortgage upon all and singular its real and personal property then owned by it or thereafter to be acquired, together with its franchises and the rents, issues, income, and profits of its property, as security for $80,000 of its bonds, and interest thereon at the rate of 6 per cent. per annum, payable on the 1st days of May and November in each year thereafter, and also to secure the deposit of a sinking fund of 2 per cent. per annum on the amount of said bonds by the said mortgagor, with its said trustee, as additional security for and to be used in the payment of said bonds at their maturity.   By the terms of the said mortgage and said bonds they are to mature November 1, 1910.   This mortgage provides in express terms that:

"In case default shall be made in payment of the principal or interest of said bonds, or any of them or any part of either as said principal and interest shall fall due according to the tenor of said bonds, or in case the mortgagor shall fail to keep its taxes and assessments paid, or in case it shall fail to pay any specific or general lien upon its property, which may be necessary or essential to the protection of the security created by the mortgage, or if it shall fail to pay the premiums for insurance or to keep the property insured as required by the trustee, * * * then if default be made in either or any of the cases above mentioned, or (in) the principal or interest of said bonds or any or either of them, and if sufficient funds to pay the principal or interest of the said bonds or any of them are not provided at the place of payment within sixty days after payment thereof has been demanded at said place of payment and upon the request in writing of a majority in amount of the holders of such bonds, it shall be lawful for the trustee to grant, bargain and sell the property mortgaged, * * * such sale to be had at public auction, * * * and out of the proceeds of the sale to pay the expenses thereof and the bonds secured by said mortgage."

The mortgage further provides that:

"In any proceedings for the foreclosure thereof by reason of a default on the part of the mortgagor, the trustee shall be entitled to have a receiver appointed as a matter of right. The trustee is not bound to take any action

under the mortgage unless thereto requested in writing by the holders of at least one-half of all of the said bonds then outstanding, nor unless such request be accompanied by satisfactory indemnity against all costs, expenses and liabilities incident to the desired action. The trustee is not under obligation to do or refrain from doing any act pursuant to the request of any bondholder * * * until such bondholder shall indemnify * * * it against costs, expenses, outlays, counsel fees, and other reasonable disbursements for which it may become liable on proceeding to carry out such request."

The bonds contain no provisions concerning a default of any kind, but provide simply for the payment of the principal at maturity, with semiannual interest and the 2 per cent. for the sinking fund, all payable at the office of the trustee. This action was commenced February 4, 1903. On November 1, 1902, the defendant the Consolidated Gas & Electric Company had defaulted in the payment of the interest due upon the bonds on that date, and the same had not been paid when this action was begun, but has been paid since, from which it appears that when this action was begun such default had existed 94 days. On the 1st days of May and November, 1902, the mortgagor also made default in the payment of $800 due to the sinking fund on each of those days, respectively, which default still continues. It was also in default in not having kept up the insurance according to the terms of the mortgage. On January 11, 1892, the defendant the Consolidated Gas & Electric Company executed and delivered to the said Holland Trust Company the mortgage herein sought to be foreclosed upon all its property to secure an additional issue of $20,000 of its bonds, which according to their terms and tenor will mature on February 1, 1912, and are redeemable at any time after five years from their date, at the option of the mortgagor. They bear interest at the rate of 6 per cent. per annum from February 1, 1892, payable semiannually. The bonds secured by this mortgage provide that:

"If at any time or times, any part or portion of the first bonds and mortgage * * * or of the interest on any of said bonds or said mortgage, or the coupons accompanying said bonds or any part thereof shall become and be remain due and payable for the space of sixty days, then and in such case the whole of this bond and the accrued interest thereon and all the coupons that shall represent any of the accrued interest thereon and the principal of the accompanying mortgage, and the accrued interest thereon, and every part thereof shall become due and payable immediately."

All other provisions concerning defaults and their effect upon the rights of the parties and the remedies therefor are precisely the same in this as they are in the first mortgage.

All the bonds under both mortgages were issued for cash, and are outstanding and unpaid. The plaintiff is the owner of $16,000 of the second mortgage bonds. Soon after the second mortgage was made, the defendant the Rochester Trust & Safe Deposit Company was substituted as trustee under both mortgages, and is now acting as such in place of the Holland Trust Company. Just before the commencement of this action the plaintiff served upon the defendant the Rochester Trust & Safe Deposit Company a written notice of the fact that the said Consolidated Gas & Electric Company had made the default hereinbefore mentioned, and claiming that by reason of its failure to pay the interest due November 1, 1902, on the first mortgage bonds the whole of the amount secured by the second mortgage

had become due at the same time, and in and by the same notice the plaintiff requested the said Rochester Trust & Safe Deposit Company to begin a foreclosure of the mortgage herein sought to be foreclosed, and take such other steps as would adequately protect her interests. The said defendant refused to take any action in the premises. Since the commencement of this action the said Consolidated Gas & Electric Company has paid to the trustee all interest due upon both mortgages prior to November 1, 1903, but the plaintiff has to this time refused to take from the trustee the interest due upon her bonds February 1 and August 1, 1903—$960 in all.

It seems to be plain that two distinct remedies are provided by the first mortgage itself for its enforcement in case of failure on the part of the mortgagor to keep and perform its conditions on its part to be kept and performed. In the first place, in case default shall be made in payment of principal or interest as said principal and interest shall fall due according to the tenor of the bonds secured, or in case taxes or assessments are allowed to remain unpaid, or in case of the nonpayments of liens on the property the payment of which may be necessary or essential to the protection of the security, or in case the property is not kept insured and the premiums paid, or in case the mortgage is not properly renewed and filed from time to time, then if sufficient funds to pay such principal or interest are not provided at the place of payment within 60 days after payment thereof has been demanded at said place of payment, and upon the request in writing of a majority in amount of the bonds then outstanding, the trustee may sell the property at auction, and give good title thereto by deeds of conveyance. In the second place, the trustee may, immediately upon default being made by the mortgagor, proceed to foreclose the mortgage; so that as to this remedy no demand nor lapse of time after default upon foreclosing is necessary. It follows, then, that when this action was begun to foreclose the second mortgage the trustee was entitled to foreclose the first by reason of defaults as to it. It is upon those defaults and the provision in the bonds secured by the mortgage in suit that the plaintiff predicates her right to maintain this action. While the 40 bonds issued under the mortgage in suit may be said in a sense to constitute an indivisible debt, as contended by the Consolidated Gas & Electric Company, the quality of ownership and the right of each bondholder for the purposes of equitable proceedings in court for the purpose of preserving the value of the bonds from loss or destruction by the misconduct of the mortgagor are the same as or equivalent to that of all the bondholders.

The provision in the second mortgage bonds that, upon default under the first mortgage they shall become due and payable immediately, undoubtedly means at the option of the holder of a bond; that is to say, it would not be competent for the mortgagor to default under such a provision, and thereupon, against the will of the bondholder, terminate his liability on an unmatured bond for interest accruing thereon thereafter. The right to mature the debt for default in payment of interest therefore is that of the creditor, and not of the debtor; otherwise it would always be optional with the debtor to de-

fault or violate the tenor or terms of his contract at pleasure, and thereby terminate his liability as to a part of it. Upon this point the language quoted from Jones on Mortgages by the learned counsel for the Consolidated Gas & Electric Company seems peculiarly apt, namely:

"The mortgagor cannot take advantage of a stipulation that the whole mortgage shall become due upon a default in the payment of any installment of interest or principal. Equity will not permit him to take advantage of his own wrong, and upon such a default pay off the whole mortgage debt. This provision is for the benefit of the mortgagee, and not for the benefit of the mortgagor, unless he is given the option of making payment upon any such default."

I think the defaults on the first mortgage and the provision in the second mortgage bonds did give to the trustee authority to foreclose the second mortgage, and upon its refusal, if necessary for the protection of the second mortgage bonds, or, to put it more specifically, if necessary to protect the interests of the plaintiff alone, she was justified in bringing this action and can maintain it. It is strenuously urged by the Consolidated Gas & Electric Company in elaborating its claim that all bondholders should join in exercising the right to declare the whole debt due; that, if the plaintiff owned but 1 bond instead of 32 out of the 40, it would be self-evident that she could not maintain the action. Not so, in my judgment. Such claim is no more tenable than would be one that the defendant by procuring the ownership of one bond by some person in its interest could forever prevent action by the other bondholders for the preservation of their property. It is true that, in order to compel the trustee to act, it should have been offered indemnity against expense; but its refusal is not put upon that ground. The provision was for its personal benefit, and it had the right to waive it as it seems to have done.

The plaintiff has complied with all the conditions precedent necessary to enable her to maintain this action. She is entitled to the appointment of a receiver herein, not as a matter of right, but in the discretion of the court. The condition of the property covered by the mortgage and of the financial affairs of the Consolidated Gas & Electric Company seem to me to render the security afforded by the mortgage in suit precarious and inadequate. The plaintiff is entitled to a judgment of foreclosure and a sale of the property covered by the mortgage herein for the benefit of herself and her co-bondholders, subject, of course, to the first mortgage and the rights of bondholders whose bonds are secured thereby, with costs.

Judgment accordingly.